**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| EI PRODUCTS, INC., | § § § | CIVIL ACTION NO. |
| Plaintiff, | § § § | 1:10-cv-00881 |
| vs. | § § § | |
| LOWE'S COMPANIES, INC., LOWE'S HOME CENTERS, INC., & GLOBE ELECTRIC COMPANY, INC. | § § § § § | A JURY IS DEMANDED |
| Defendants. | § | |

## COMPLAINT

Plaintiff, EI Products, Inc. ("EI Products") for its Complaint against Defendants Lowe's Companies, Inc. ("Lowe's"), Lowe's Home Centers, Inc. ("LHC") and Globe Electric Company, Inc. ("Globe"), (collectively the "Defendants"), alleges as follows:

### THE PARTIES

1. EI Products is a corporation organized and existing by virtue of the laws of the State of Texas, which maintains an office and principal place of business at 55 Second Street, Maxwell, Texas 78556.

2. Upon information and belief, Lowe's is a corporation existing by virtue of the laws of the State of North Carolina, doing business in the Western District of Texas, and may be served by serving Larry Stone or any officer located at its principal place of business at 1000 Lowe's Blvd., Mooresville, North Carolina 28117 or through its registered agent for service of process, Corporation Service Company, 327 Hillsborough Street, Raleigh, North Carolina 27603. Upon information and belief, Lowe's makes, uses,

sells, and/or distributes night lights throughout the United States, including in this judicial district.

3. Upon information and belief, LHC is a corporation existing by virtue of the laws of the State of North Carolina, doing business in the Western District of Texas, and may be served by serving Larry Stone or any officer located at its principal place of business at 1605 Curtis Bridge Road, Wilkesboro, North Carolina 28697 or through its registered agent for services of process, Corporation Service Company, 327 Hillsborough Street, Raleigh, North Carolina 27603. Upon information and belief, LHC makes, uses, sells, and/or distributes night lights throughout the United States, including in this judicial district.

4. Upon information and belief, Globe is a corporation existing by virtue of the laws of Canada, doing business in the Western District of Texas, and may be served by serving Mr. Edward Weinstein or any officer located at its principal place of business at 150 Oneida, Montreal, Quebec, Canada H9R 1A8 or pursuant to the Hague Convention by submitting a request to the designated Central Authority on Form USM-94 to the Ministry of the Attorney General, Courts Administration Court House (Provincial Division), 393 Main Street, Halleybury, Ontario P0J 1K0 Canada. Upon information and belief, Globe makes, uses, sells, and/or distributes night lights throughout the United States, including in this judicial district.

## JURISDICTION

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) & (b) because this action arises under the Patent Laws of the United States, including 35 U.S.C § 271, *et seq,* and the Trademark Laws of the United States, including 15 U.S.C. § 1051, *et seq.* This Court has personal jurisdiction over the Defendants because the Defendants have committed acts within Texas and within this Judicial

District giving rise to the action and the Defendants have established minimum contacts with the forum such that the exercise of jurisdiction over the Defendants would not offend traditional notions of fair play and substantial justice.

## VENUE

6. Plaintiff, EI Products does business and has an office in Caldwell County, Texas in this judicial District. Upon information and belief, Defendants have, directly or through intermediaries (including distributors, retailers and others), committed acts within this judicial District that give rise to the action and does or have done business in this District, including, but not limited to, placing one or more of their infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this District. Venue is proper in this District pursuant to 28 U.S.C §§1391(b), (c) & (d) and 1400(b).

## THE PATENT AT ISSUE

7. On September 2, 1997, United States Patent No. 5,662,408 ("the '408 Patent") was duly and legally issued to Joseph E. Marschen, inventor, and assigned to Austin Innovations, Inc. for "Simple Plug in Night Light Having a Low Profile." A true and correct copy of the '408 Patent is attached hereto and marked "Exhibit A".

8. On July 27, 2004, George Kasee acquired all right, title and interests of Austin Innovations, Inc., including an assignment of the '408 Patent. On that same day, George Kasee assigned all rights in the '408 Patent to Plaintiff, EI Products, Inc. Both assignments have been properly recorded at the United States Patent and Trademark Office.

9. EI Products is the sole and exclusive owner of all right, title and interest in and to the '408 Patent (subject only to non-exclusive licenses granted thereunder).

10.     Since at least as early as 1997, EI Products and/or its predecessor in interest, Austin Innovations, Inc., has made, used and sold nightlights incorporating the inventions set forth in the '408 Patent.  At all such times, substantially all such products have been marked with the designation "U.S. Patent No. 5,662,408".

## COUNT I: PATENT INFRINGEMENT

11.     EI Products refers to and incorporates all proceeding paragraphs as though fully set forth herein.

12.     Upon information and belief, since the issuance of the '408 Patent and within the two (2) years last past, Defendants, without the consent of Plaintiff and with full or constructive knowledge of the '408 Patent and of Plaintiff's rights thereunder, have willfully, wantonly and deliberately infringed the '408 Patent by making and selling night lights that embody and employ the inventions defined by one or more claims of the '408 Patent and may continue to do so unless enjoined by this Court.

13.     Upon information and belief, Defendants manufacture, make, have made, use, practice, import, provide, supply, distribute, sell and/or offer for sale products that infringe one or more claims of the '408 Patent; and/or Defendants induce and/or contribute to infringement of one or more claims of the '408 Patent.

14.     Upon information and belief, Defendants manufacture, make, have made, use, practice, import, provide, supply, distribute, sell and/or offer for sale electroluminescent night lights including, but not limited to, the Globe LED Night Light Model No. FS-N21 sold at Lowe's under the name "Forever Glow LED NL 2PK, Item No. 304448" (the "Infringing Night Light").

15.     Upon information and belief, Defendants are infringing one or more claims of the '408 Patent by performing, without authority, one or more of the following acts: (i) making, using, offering to sell, or selling within the United States the patented

invention of one or more claims of the '408 Patent; (ii) importing into the United States the patented invention of one or more claims of the '408 Patent; and (iii) indirectly infringing one or more claims of the '408 Patent by means of inducing infringement and/or contributory infringement.

16. EI Products has been damaged by Defendants' infringement of the '408 Patent but is unable to state at this time the amount of damages sustained; and, on information and belief, Plaintiff will be further irreparably damaged by Defendants' infringement unless such infringement is enjoined by this Court.

17. Because of its infringing acts, Defendants are liable to EI Products in an amount to adequately compensate EI Products for the Defendants' respective infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this court under 35 U.S.C. § 284. The Defendants have had actual knowledge of the '408 Patent at least as early as the filing of this Original Complaint.

18. On information and belief, Defendants will continue to infringe the claims of the '408 Patent unless enjoined. The Defendants' continued acts of infringement would irreparably harm and cause damage to EI Products. EI Products would have no adequate remedy at law to redress such continuing acts of infringement. The hardships that would be imposed upon Defendants by an injunction would be less than those faced by EI Products should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

19. EI Products is in compliance with the requirements of 35 U.S.C. § 287.

20. As a result of Defendants' acts of infringement, EI Products has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT II:  UNFAIR COMPETITION

21. EI Products refers to and incorporates all proceeding paragraphs as though fully set forth herein.

22. The Infringing Night Light is marked on the external packaging for the product as being an "LED Night Light" and it refers to "[t]he LED bulb included with this product…".  However, the Infringing Night Light is not an LED Night Light, but is instead an electroluminescent night light that does not contain an LED bulb.

23. The acts of Defendants complained of herein constitutes unfair competition in violation of 15 U.S.C. § 1125(a).  Specifically, EI Products directly competes against Defendants in the manufacture and sale of electroluminescent night lights.  Moreover, the information contained on the packaging for the Infringing Night Light constitutes false or misleading descriptions of fact or false or misleading representations of fact in commercial advertising or promotion that misrepresent the nature, characteristics or qualities of the Infringing Night Light.

24. EI Products has been damaged by Defendants' unfair competition but is unable to state at this time the amount of damages sustained; and Plaintiff may be further irreparably damaged by Defendants' unfair competition unless such activities are enjoined by this Court.

25. Because of its acts of unfair competition, Defendants are liable to EI Products in an amount to adequately compensate EI Products for the Defendants' respective actions, which, by law, may include the Defendants' profits, any damages sustained by EI Products and the costs of the action, as fixed by this Court, under 15 U.S.C. § 1117(a).  Further, the Court may order destruction of all related labels, signs,

prints, packages, wrappers, receptacles and advertisements in defendants' possession under 15 U.S.C. § 1118.

26. Upon information and belief, Defendants will continue to unfairly compete with EI Products unless enjoined. The Defendants' continued acts of unfair competition would irreparably harm and cause damage to EI Products. EI Products would have no adequate remedy at law to redress such continuing acts of unfair competition. The hardships that would be imposed upon Defendants by an injunction would be less than those faced by EI Products should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

27. As a result of Defendants' acts of unfair competition, EI Products has suffered and will continue to suffer damages in an amount to proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. That a permanent injunction be entered by this Court pursuant to 35 U.S.C. § 283 and/or 15 U.S.C. § 1116 enjoining Defendants, their officers, agents, servants, employees and attorneys, and those in active concert, participation or privity with any of them, from:

   (a) directly or indirectly making or causing to be made and selling or causing to be sold any apparatus, device or article which embodies and/or employs the inventions defined by the claims in United States Patent No. 5,662,408; and/or

   (b) directly or indirectly marking electroluminescent products as being "LED" products, misrepresenting the nature, quality or characteristics of its night light products, or otherwise unfairly competing with EI Products;

2. That a judgment be issued stating that Defendants have infringed the '408 Patent, as alleged herein, directly and/or indirectly by way of contributor infringement and/or inducing infringement of the '408 Patent;

3. That a judgment be issued stating that Defendants have competed unfairly with EI Products by false marking, false advertising and/or other acts of unfair competition, as alleged herein;

4. That Defendants be made to account to Plaintiff for all sales, revenues, and profits derived from the sale of the Infringing Night Lights and that Defendants' profits be paid to Plaintiff pursuant to 35 U.S.C. § 284 and/or 15 U.S.C. § 1117;

5. That damages awarded to Plaintiff be trebled after the jury determines the infringement in this case was willful pursuant to 35 U.S.C. § 284 and/or 15 U.S.C. § 1117;

6. That the amount of the award of Defendants' profits be increased at least three times pursuant to 15 U.S.C. § 1117;

7. That Plaintiff be awarded pre-judgment and post-judgment interest for said infringement and unfair competition;

8. That Defendants be ordered to pay the costs of the action and Plaintiff's attorneys' fees pursuant to 35 U.S.C. § 285 and/or 15 U.S.C. § 1117;

9. That, pursuant to 15 U.S.C. § 1118, Defendants be ordered to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements related the unfair competition and false advertising alleged herein; and,

10. That Plaintiff be granted such other and further relief as the circumstances of the case may require and as this Court deems proper and just.

## **JURY DEMAND**

Plaintiff hereby demands trial by jury of all issues so triable.

                                              Respectfully submitted,

Dated: November 18, 2010            /s/ William D. Raman
                                            John C. Cain (Texas State Bar No. 00783778)
                                            WONG, CABELLO, LUTSCH,
                                               RUTHERFORD & BRUCCULERI, L.L.P.
                                            20333 SH 249, Suite 600
                                            Houston, Texas 77070
                                            (832) 446-2400    Telephone
                                            (832) 446-2424    Facsimile

                                            William D. Raman (Texas State Bar No. 16492700)
                                            WONG, CABELLO, LUTSCH,
                                               RUTHERFORD & BRUCCULERI, L.L.P.
                                            221 W. 6th Street, Suite 950
                                            Austin, Texas 78701
                                            (512) 473-2550  Telephone
                                            (512) 473-2555  Facsimile

                                            **ATTORNEYS FOR PLAINTIFF,**
                                            **E I PRODUCTS, INC.**